# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL NO. 5:10CR53-1-V

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>PAUL JAMES BYRD, )<br>          **Defendant.** )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on Defendant's "Appeal of Magistrate's Detention Order Request for Hearing" pursuant to 18 U.S.C. § 3145(b), filed December 14, 2010. (Document #16)

Defendant's detention hearing was held on December 10, 2010, before United States Magistrate Judge David C. Keesler. After very able oral presentations by counsel, the magistrate judge's review of the written materials, and a thorough dialog between the magistrate judge and counsel for both sides, Defendant was ordered detained. The magistrate judge noted that the Government had strong evidence against Byrd, including forensic computer analyses tending to show that Byrd was identified as an administrator of one of the Facebook sites that allegedly operated as a forum for the distribution of pornographic images.

This Court reviews *de novo* the magistrate judge's detention order. 18 U.S.C. §3145(b); United States v. Williams, 753 F.2d 329, 333 (4th Cir. 1985). The Court has reviewed the charging instrument and the entire criminal record, including the psychological evaluation submitted by Byrd. In addition, the Court has listened to the audio recording of the detention hearing, and reviewed the Pretrial Services Report, which recommended release with special conditions.

The Defendant is charged with conspiring to commit various child pornography offenses, namely, conspiring to distribute child pornography in violation of 18 U.S.C. §2252A(a)(2), to advertise, promote, present, distribute, or solicit through the mails child pornography in violation of 18 U.S.C. §2252A(a)(3)(B), and to possess or access with intent to view any media that contains child pornography in violation of 18 U.S.C. §2252A(a)(5)(B), as well as a substantive distribution offense under §2252A(a)(2). Because the Grand Jury found that probable cause exists that

Defendant committed an offense involving a minor victim under Section 2252A, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. §3142(e)(3)(E).

In determining whether there are conditions of release that will reasonably assure the appearance of the Defendant and the safety of other persons and the community, the Court considers all evidence regarding:

> (1) the nature and circumstances of the offense charged (including whether the offense if a crime of violence or involves a narcotic drug);
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including —
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearances at court proceedings; and
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . .

18 U.S.C. §3142(g). Upon review of these factors, the Court finds that Defendant is eligible for release on bond under special conditions. In the Court's view, Defendant has rebutted the presumption in this case despite the nature and circumstances of the offenses charged in that: 1) Byrd has no measurable prior criminal history; 2) Byrd's ties to the Lincolnton community are strong; 3) Byrd voluntarily surrendered to law enforcement upon request; and 4) Dr. Tyson recommends treatment (*i.e.*, psychotherapeutic intervention) with court supervision. More specifically, Dr. Tyson's evaluation, admittedly based in large part on Byrd's self-reporting and without the benefit of discovery / investigative materials, involved three (3) different interactions between Dr. Tyson and Byrd as well as the administration of an entire battery of tests. Dr. Tyson's report does not identify Defendant as a danger to the community, as such. Rather, Dr. Tyson opines as follows:

- "While sexual impuses and arousal patterns are clearly distorted ... there is little indication of exploitative, predatory, or antisocial interests and adaptation."
- Byrd "presents with mental status, history, and psychological testing consistent with others who have successfully participated in and benefited from treatment specialized for sex offenders."
- Byrd appears to be *a mild risk* for a community based program of rehabilitation.
- Byrd is likely to benefit from intensive, behaviorally oriented psychotherapy.
- Regarding the monitoring and supervision of Byrd's activities throughout the treatment process, "the usual practices of U.S. Probation should be sufficient ..."

(Tyson Rpt. at 3) (*emphasis added*). With respect to indicators of Byrd's future behavior, Dr. Tyson notes that individuals suffering from similar disorders often seek and obtain treatment only after some sort of external or legal constraint and that legal intervention typically presents a meaningful opportunity for treatment. (Id.)

Taking all of the relevant factors into consideration, the Court finds that the combination of conditions of bond recommended by U.S. Pretrial Services, as amended herein, will reasonably assure the appearance of the Defendant and the safety of other persons and the community.

**IT IS, THEREFORE, ORDERED THAT:**

1) Defendant's Appeal of the Magistrate Judge's Detention Order is hereby **GRANTED**;

2) Defendant's motion for a hearing is **DENIED** as moot;

3) Defendant may be released from federal custody immediately pending adjudication on the charged offenses under the conditions originally identified by the U.S. Pretrial Services Officer, with the following additional condition —

> In addition to not possessing a computer, that Defendant not possess *any* personal communication device, mobile or otherwise, that potentially provides Defendant with internet access.;

4) Prior to release from custody, Defendant may appear before a magistrate judge for purposes of reviewing the conditions of bond hereby imposed; and

5) The Clerk shall provide copies of this Order to Defense Counsel, the United States Attorney, the United States Marshal, and the United States Probation Office.

Signed: December 29, 2010

Richard L. Voorhees
United States District Judge