FILED
CHARLOTTE, NC

JUL 22 2011

US DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

CRIMINAL NO. 5:10cr53-RLV

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> (1) JAMES PAUL BYRD, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) CONSENT ORDER AND JUDGMENT OF <br> ) FORFEITURE <br> ) <br> ) <br> ) <br> ) <br> ) |

BASED UPON the defendant's plea of guilty, and finding that there is a substantial nexus between the property listed below and the offense to which the defendant has pled guilty and that the defendant has or had a legal interest in the property, IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 18 U.S.C. § 2253, provided, however, that such forfeiture is subject to any and all third party claims and interests, pending final adjudication herein:

**One HP Pavillion a384x desktop computer, serial number MXK3430P4C;**

**One HP Pavillion N5430 laptop computer, serial number TW12504671;**

**One Hitachi HDD, serial number 080201DP1C10DDGB7NTP (located in HP Compaq 8510 laptop, serial number CNU8103DMB); and**

**One Kingston Data Traveler, 2GB USB drive, serial number 5B83060033D0.**

2. The United States Marshal and/or other property custodian for the investigative agency is authorized to take possession and maintain custody of the above-described tangible property;

3. The United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the seized property, and shall publish notice of this forfeiture as required by law;

4. Any person, other than the defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest;

5. Following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order and judgment of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

The parties stipulate and agree that the aforementioned assets constitute property derived from or traceable to proceeds of defendant's crime(s) herein or property used in any manner to facilitate the commission of such offense(s) and are therefore subject to forfeiture pursuant to 18 U.S.C. § 2253. The defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant. If the defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, defendant hereby withdraws that claim. If defendant has not previously submitted such a claim, defendant hereby waives all right to do so.

ANNE M. TOMPKINS
UNITED STATES ATTORNEY

CORTNEY S. ESCARAVAGE, ESQ.
Assistant United States Attorney

JAMES PAUL BYRD
Defendant

LAWRENCE W. HEWITT, ESQ.
Attorney for Defendant

Signed this the 22 day of July, 2011.

UNITED STATES Magistrate JUDGE